IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN E. DAVIS, #23770, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-1310-JPG |
| | ) |
| POLICE DEPARTMENT of | ) |
| GLEN CARBON, ILLINOIS, | ) |
| and JEREMY COPPOTELLI, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Shawn E. Davis filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was an inmate of the Madison County Jail ("the Jail"). He claims that his due process rights were violated in connection with a forfeiture action for United States currency taken from him upon his arrest. (Doc. 16). He seeks return of the seized funds as well as his costs and fees. (Doc. 16, p. 5).

The operative Complaint in this action is Plaintiff's fourth submission. (Doc. 16). He previously filed the original Complaint (Doc. 1) followed by another version (Doc. 4) and a third (Doc. 10), each setting forth different claims. The Court then ordered Plaintiff to either designate one of those pleadings as the operative complaint or file a new one; he chose to file a new pleading.

This case is now before the Court for preliminary review of the Amended Complaint (Doc. 16) under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint (Doc. 16): On October 19, 2020 he was served with a notice of pending forfeiture of $1,431.00 in U.S. currency, stating he had 45 days to submit a verified claim to the Madison County State's Attorney. (Doc. 16, pp. 2, 6). The notice stated the funds were subject to forfeiture under the Controlled Substances Act, the Cannabis Control Act, or the Money Laundering Act. (Doc. 16, p. 6). Defendant Coppotelli (Glen Carbon Police Detective) signed the "Notice of Preliminary Review and Receipt of Property Seized for Forfeiture" (Doc. 16, p. 7). Plaintiff filed two motions in the forfeiture case before the 45 days elapsed, but never received any response, court date, or other documents on the matter. (Doc. 16, pp. 2, 4). He filed grievances with the Jail captain and requested copies of his outgoing mail but got no reply.

Plaintiff's money was seized in connection with his arrest on a warrant for driving on a revoked license. He argues there was no basis for the forfeiture because this offense has nothing to do with the Controlled Substances Act or the Money Laundering Act.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:   Defendant Coppotelli and the Glen Carbon Police Department violated Plaintiff's right to due process by seizing $1,431.00 from him in connection with his arrest for driving on a revoked license, and initiating forfeiture proceedings.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Discussion**

Several statutory authorities regarding the forfeiture of Plaintiff's funds are cited in the notice/receipt given to him (Doc. 16, p. 7): 725 ILCS 150/3.2 (Drug Asset Forfeiture); 720 ILCS 5/36-1.2 (Vehicle/Watercraft/Aircraft Forfeiture), and 720 ILCS 5/29B-1(h) (Money Laundering).[2] It appears that the forfeiture of Plaintiff's U.S. currency is governed by the Drug Asset Forfeiture Procedure Act, 725 ILCS 150/1 *et seq.*, as his money is not a vehicle and Plaintiff was not facing money laundering charges. When a verified claim is received for confiscated property, the State's Attorney is required to institute judicial forfeiture proceedings so that the contested matter may be resolved in court. 725 ILCS 150/6(C); 725 ILCS 150/9 *et seq*.

A review of the electronic docket for the Madison County Circuit Court shows that a judicial forfeiture action was filed on October 7, 2020 under Case No. 2020-MR-977, *People of the State of Illinois v. One Thousand Four Hundred Thirty-One Dollars*.[3] Correspondence from Plaintiff was filed there on December 22, 2020 and on February 24, 2021. The docket does not indicate whether or how the matter was resolved.

According to the facts set forth in Plaintiff's Amended Complaint, Defendant Coppotelli followed the required first step under 725 ILCS 150/3.2 to give him notice of the seizure of his money and the impending forfeiture. (Doc. 16, p. 7). Plaintiff also received the State's Attorney's notice of the forfeiture action and his right to file a claim in 45 days. Plaintiff's motions or claims appear to have been received and filed in the Madison County case. Given these facts, the Court

---

[2] The receipt form references an outdated version of the money laundering statute as the current version of 720 ILCS 5/29B-1 no longer contains a subsection (h).

[3] Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). *See* Madison County Circuit Clerk Court Records Search page, https://www.co.madison.il.us/departments/circuit_clerk/court_records_search.php.

cannot discern any possible claim that Plaintiff would have against Defendant Coppotelli or the Glen Carbon Police Department regarding the seizure and potential forfeiture of his funds. The Madison County Circuit Court provides a forum for Plaintiff to seek the return of his money, and further notice of the court proceedings would have come from that court or from the State's Attorney, not from the Defendants named herein.

To state a claim under the due process clause of the Fourteenth Amendment, a plaintiff must establish a deprivation of property *without due process of law*; if the state provides an adequate remedy, the plaintiff cannot maintain a civil rights claim. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Mirto v. Devine*, Case No. 06-3296, 2007 WL 2893651, at *1 (C.D. Ill. Sept. 28, 2007) (due process claim over destruction of confiscated property dismissed pursuant to § 1915A, where prisoner-plaintiff had adequate state court remedy). Here, Plaintiff filed his claim pursuant to the State's Attorney's notice and could have pursued his claim to recover the seized funds. The judicial forfeiture process set forth in the statute provides him with a remedy and the availability of this procedure in state court satisfies due process requirements. Thus, Plaintiff cannot maintain a claim in this Court for the deprivation of his money without due process. Moreover, it is unclear whether the forfeiture case was concluded, and it is possible that Plaintiff may still be able to have his claim heard in Madison County.

This civil rights action shall be dismissed with prejudice. This dismissal, however, shall not prevent Plaintiff from pursuing his claim in state court to seek the return of his funds, if such an avenue is still open to him. This Court makes no comment on the merits or timeliness of any state court action.

### Disposition

For the reasons stated above, this civil rights action is **DISMISSED with prejudice** for failure to state a federal constitutional claim upon which relief may be granted. This dismissal shall not affect Plaintiff's ability to pursue his claim in state court.

Plaintiff is **ADVISED** that the Court counts this dismissal as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the remainder of the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

As a courtesy, the Clerk is **DIRECTED** to forward a copy of this Order to Plaintiff (IDOC # S14453) c/o Lincoln Correctional Center, where he is currently confined according to the inmate

search website of the Illinois Department of Corrections, as well as to his address of record.

**IT IS SO ORDERED.**

**DATED: 12/8/2021**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**
